The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, ladies and gentlemen. We have three cases this morning, one from the Merit Systems Protection Board and two from PTAB, one of them being a consolidated case. The first case is Rodriguez v. Department of Veterans Affairs, 2019-2025. Mr. Solomon. Good morning, Your Honor. May it please the court. I'm here on behalf of the petitioner, Mr. Ariel Rodriguez. This particular case is primarily centered around questions of law and that's not because there are not a lot of important facts to wade through but precisely because the new procedures found at Title 38 U.S.C. 714 place so little importance on facts and instead place so much authority on inferior officers of the United States to make the initial decision. As the Federal Circuit has pointed out of their own ability to review factual determinations of lower courts using the substantial evidence standard, such factual determinations are virtually unreviewable. So the question here is basically about the intersection between due process and the appointments clause with important considerations on both issues as well as how they overlap. As far as the first point is concerned, we have the statute and we have stayers which interpreted the statute and we're bound by both, are we not? Yes, we are. And stayers held that the substantial evidence standard was not unacceptable. With respect, Your Honors, I mean, as far as the stayers' opinion, that was ultimately reached on the question of retroactivity. There was some determinations in dicta there, but those aren't binding on, you know, this particular decision. And there was also several arguments that were raised in stayers that weren't even addressed in the decision once again because that decision was ultimately based on, you know, that was based on retroactivity. In addition to that, there are several arguments that were raised in this case that were not raised in the briefing in stayers and therefore also not addressed by the court in stayers. So we shouldn't similarly be bound by a decision that's ultimately based on the fact that the statute is not retroactive to talk about the wider repercussions of 714. But continuing as far as the due process of law, the substantial evidence standard was expanded in stayers to talk about not just the factual determination and factual sufficiency of whether or not the alleged conduct happened, but also the level of penalty. If we look at other Supreme Court decisions that kind of lay out what process is due to Laudermill and kind of the cases that come out of that, one of the key things that they found is that an employee has, for example, the right to cross-examine the witnesses upon which the factual allegations are made against them. Obviously, under the previous Title V procedures that's done at the Merit Systems Protection Board stage with the administrative judge. And those administrative judges were reviewing the decision of the agency official making the decision de novo. So it was somebody that had full access to the record was ultimately somebody that was making the decision. And this is what I mean by the intersection between the appointments clause and the due process of law, because here what we have is based on her own testimony, the deciding official in this, Director Klinker, states that she was appointed as an inferior officer of the United States. What we have in Hellman is a decision that ultimately says should the removal decision come from the Secretary of the Department of Veterans Affairs, what we can't have is a non-officer of the United States having the final reviewing authority on that. But what we have here is an inferior officer of the United States. I'm sorry, Mr. Solomon. This is Judge Bryson. My understanding of Hellman, though, was that there was a preclusion of review not only in the board, but in this court as well. Isn't that right? Yes. So as they did point out in Hellman, this court did have authority to review the constitutional claims. But I'm not saying that they're directly defending the point I'm taking. But the review of the standard issues regarding the sufficiency of the evidence for the removal and the penalty were not available to this court, as I understand Hellman. That is correct. Okay. But the specific holding I'm taking out of Hellman, in that instance, even though it wasn't the Secretary making the removal decision, the statute at 713 that was ultimately ruled unconstitutional, gave the authority to the Secretary to make the removals. That authority was then, and this is prior to Lucia. So at the time, I believe the Federal Circuit is actually looking at the administrative judges as inferior officers of the United States. But basically, you have a superior officer's decision being, you know, having a review by an inferior officer with then no re-review by a superior officer going back to the full board who are, you know, superior officers of the United States. And they said it was improper for a superior officer of the United States to have their authority reviewed by an inferior officer with no further review. Let me see if I understand. I see what we have. If I may. Let me see if I understand your constitutional argument. Suppose Congress were to decide tomorrow that the Merit Systems Protection Board really should be abolished entirely and that there should be a review of the decision of an agency on employment issues by the pertinent court of appeals or a district court in an APA action. Would that be unconstitutional? Is that the thrust of your argument? Well, that would undo this particular statute. That would not be inherently unconstitutional as long as it was in accordance with Laudermill because obviously, they would have to give, if it was just the agency decision and then the next step was with judicial review, they would have to give 100% of the due process as pre-deprivation due process. Laudermill talked about... There would be no appointments clause problem with that, right? There would not. The issue I'm talking about is the order where you can't have the authority of an officer called into question by a non-officer at the appellate stage with no review back to an officer and here what we have is we have an inferior officer. Ultimately, if we interpret correctly, Lucia, the appeal is then going to a non-officer and then Mr. Rodriguez has the opportunity to then take that to the full board who are superior officers of the United States, but because they cannot review this de novo, they are pretty much bound by, in all but extreme circumstances, are bound by the decision of an inferior officer. So you have an inferior officer determining... Mr. Solomon, please listen carefully. It's difficult when we have these telephonic arguments, but if a judge is trying to ask a question, please not continue talking. The government argues waiver on the appointments clause issue and you chose to go to the MSPB with whatever the infirmities were for the HA. Why isn't that waiver? Well, there are two different appointments clause issues. I believe they raised the waiver as to one of those issues. The issue I'm talking about now as far as the, you know, ultimate authority and the board appeal review not being available, that was not waived. There was a specific briefing submitted on that. What they're claiming was waived is the argument that under Lucia, the judge himself, the administrative judge himself is not properly appointed as required to be an inferior officer of the United States. The reason that that argument is not waived is because it is a timely raised constitutional consideration. I believe specifically for these, it is limited what arguments are not waived, but as cited in Lucia, I believe that cites to Ryder versus United States, which is 115 Supreme Court 2031 decided 95. Mr. Solomon, what about the Supreme Court's decision in Carr versus Saul that just came out? Regarding the appointment clause? Yeah, regarding waiver on appointment clause challenges. Yeah, that does present new issues and I have not had a full opportunity to review that. Okay. Well, you should have been paying attention because to the extent it presents new issues, they're probably pretty good for you. Yes, I'll be sure to review that, but as I pointed out, that's already kind of discussed in Ryder than citing to Glidden company versus United States, which makes it clear that when this particular issue of the appointment clause and authority underneath is raised on review, that is properly raised for the first time on review. This is Jesse Bryson. Let me see if I understand your argument on the improper appointment of the administrative judges. Is that predicated on the notion that there is no quorum on the MSPB at present? Mostly and realistically, yes. That's also predicated on the fact that once there is a board, they would be then required to essentially ratify those administrative judges by officially appointing them. Basically, the Lucia decision said for the SEC judges that the commissioners had to actually go officially appoint their judges and that was true for pretty much every administrative judge. The difference between the MSPB and all these other agencies is all these other agencies had superior officers that were able to do these appointments at the time, so it was quickly rectified. The Merit Systems Protection Board has not had a quorum with which they could appoint these judges since January 2017, so none of the judges have been appointed as required by Lucia. Is there an appointment clause challenge that's currently pending before the board? Didn't we say we were going to defer to that in Javaji? Yes. In Javaji, there was an appointment clause challenge before the board. The difference between that case is that case was actually stuck at the MSPB level and that was a jurisdictional question. The reason that this case is different is because we made it through the case without that challenge coming up and this was then properly appealed to the Federal Circuit Court of Appeals without the case being dismissed without prejudice. In that case, it was determined that you did not have jurisdiction yet because that question was still pending, but in this case, there's no jurisdictional issue. Obviously, the Federal Circuit has the authority to make that. I assume since there's no quorum, that case is still pending. Yes, and it's pending indefinitely. That's also a part of the issue with due process here is I think what the government is arguing for is that we shouldn't have the opportunity to take two bites at the apple. I understand the argument, but at the same time, realistically, the alternative is zero bites at the apple. Timeliness is a consideration. It hasn't come into effect yet. There's no set law on it, but it is something discussed in Laudermill briefly. One of the challenges that was raised there was that the amount of time that lasts prior to an appellate review, I believe in that case, it was something like six months. What the court there said is that's fine for an amount of time to pass for post-deprivation due process. They did not actually get to setting a bright-line rule of how long is needed, but they did say at some point, you violate due process by not allowing a review within a certain period of time. In the concurrence, they talk about tax cases or Social Security reviews that have been done as long as a year out, and that was okay. They don't know exactly when the time period is, but they're discussing periods like periods of years. Here, we're talking about a removal that took place on August 24, 2018. If Mr. Rodriguez wanted to wait for a correctly appointed administrative judge to take this case before, we would still be waiting now in June of 2021, three years later. Counsel, you're well into your rebuttal time. If you'd like to save it, we'll give you three minutes back. Why don't we hear from the government now? Yes, Your Honor. Mr. Hellman. Good morning, Your Honors, and may it please the court. I assume you're talking about the case we were talking about. Yes, Your Honor. Go ahead. I'm sorry. Were you referring to a specific case? The phone line is a little... We're talking about the Hellman case. Please proceed. Sure. So, this court should affirm the agency's removal of Mr. Rodriguez under 38 U.S.C. 714 because it is supported by substantial evidence and because Sayers resolves the issues with Section 714 that Mr. Rodriguez raises here. Counsel, how do you respond to the argument, though, that footnote in Sayers is really just dicta? I mean, it wasn't relevant to the ultimate basis for the decision at all. Well, to be sure, Sayers went back on the retroactivity issue. But the court, where it addressed that footnote, it said it must resolve the differences between the parties regarding Section 714's meaning and effect, and essentially addressed that argument in the footnote. The parties, as here, argued different things. Mr. Sayers and Mr. Rodriguez argued that the agency imposing the substantial evidence standard was impermissible. The government... But really, all they said in Sayers was that, you know, we don't see anything in the text that explicitly says one way or the other. So, I mean, but it really didn't analyze the text or analyze the issue in any extent. And it was not necessary to the decision-making, right? That is correct. The ultimate decision did not hinge on that issue. The issue was briefed, and the court did consider it even in passing. And to the extent that there would have been a question, one would expect the panel to flag it. I agree that there's not a more... Well, let me look at the text with you of 714. I mean, it says that the secretary can terminate or demote, et cetera, an employee if the secretary determines the performance or misconduct of the covered individual warrants such. But determined seems to suggest that whoever's making a determination has to do some actual analysis of the evidence in order to reach a definitive result. And yet your definition is very vague. It says that evidence that a person might accept is adequate even though other reasonable persons disagree or evidence that a reasonable mind would accept. I mean, it sounds so far removed from the concept of determining something that I'm not sure how it comports with the statute. That language that you quoted, Your Honor, is the substantial evidence standard. It's not so insubstantial as to not constitute determination. Mr. Hellman, this is Judge Bison. I think we can all agree that the substantial evidence test as it is articulated with respect to review of administrative determinations by a court is that some reasonable person could conclude that the fact in question was established even though the tribunal that's applying the substantial evidence test might see it otherwise. But isn't that saying that the deciding official in the VA, if applying a substantial evidence test, could think, as in this case, Mr. Rodriguez didn't actually do the things that he's charged with? And I don't really believe that the charges of his misconduct are correct. But some reasonable person could so conclude, and therefore, I'm going to remove him. Isn't that the effect of applying a substantial evidence test? I think that's what Mr. Rodriguez suggests would be a problem with applying that test. Well, but isn't that exactly what the substantial evidence test requires? It does require that some reasonable mind, and it doesn't... But not necessarily the mind of the deciding official, right? That's correct. And to the extent that it's used as an appellate standard, there is a decision that's being reviewed, and so if the... Right, but there's not a decision being reviewed when the fact finder, the deciding official, makes a determination of substantial evidence, right? That's right. But that's why I think in practice, this concern doesn't really materialize. It's not that the deciding official would think, well, I wouldn't remove Mr. Rodriguez because I don't believe that the evidence demonstrates his misconduct, but some reasonable mind somewhere out there would remove him, and therefore, I'm going to proceed with the removal. But the handbook, the VA handbook specifically says that it is the substantial evidence is the test, and that it is a test as to whether a reasonable person might accept as adequate to support a conclusion. I'm reading from the handbook. Even though other reasonable persons might agree, that seems to me to basically invite the deciding official to conclude that as long as there's enough evidence that some reasonable person could find it sufficient, that that's good enough for me. Even though, in fact, maybe most of the time the deciding official would be otherwise inclined, but isn't that just opening the door to something less than a decision, which the statute requires? Well, two points on that, Judge Bryson. First, I think that's not this case. There's no argument here that the deciding official thought that Mr. Rodriguez shouldn't be removed, but effectuated the removal based on some reasonable mind here. But, counsel, how would we know that? How would we know that? I mean, what we have is a standard that was applied that would allow the official to do that. Did the official say, I'm not following this standard? No, Your Honor. I think you would know that in that case, and I think, as Judge Bryson suggests, that would be opening the door, so it wouldn't be the main run of cases. It would be an exceptional case where the deciding official would likely state in the decision saying, well, I disagree with this, but a reasonable mind somewhere could conclude that this is sufficient to remove the employee, and so I'm going to go ahead with that removal, even though I personally do not think that the facts merit removal. And I think just sort of the nature of that hypothetical suggests that it would be infrequent at best, but likely to be sort of a non-concern because... So you're saying that if I give you a standard and say this is what you're to apply, unless you say that I don't like applying this standard, that somehow we're to assume they didn't follow it? Well, no, Your Honor. I think the problem with this hypothetical is that, yes, the standard can be read to say that not the deciding official, but somebody, some other reasonable mind, finds this evidence sufficient, and so the deciding official overruling his or her own determination... So you're saying they have to say that even though the background of the governing standard is stated directly that way? I think that they would in this unusual circumstance where they disagree. The deciding official here has the authority. They don't have to remove this individual, so the fact that they're choosing to remove him most likely suggests in most cases that the deciding official, him or herself, concludes that there's sufficient evidence to warrant removal. It's only the standard, I think, creates a bit of a distinction without a difference. Yes, there's a hypothetical situation where, under the standard, the deciding official can depart from what the deciding official wants to do with respect to removal, so the deciding official doesn't think this warrants removal, but finds a hypothetical reasonable mind that could differ. But in practice, that's not going to happen to the extent that it ever does happen. If that's true, then it's a little hard for me to understand why the VA felt that it was necessary or appropriate to adopt substantial evidence as the test as opposed to simply saying a preponderance, that the deciding official has to believe and make a finding of fact that these events that were charged happened. Instead, the VA has evidently purposely made the evidentiary test more relaxed for itself. And then, to add to that, the administrative judge says that, well, I don't see any reason that the VA, the deciding official, should be held to a higher standard than I am, and I'm only held to a substantial evidence test. And we know what the A.J. at the A.J. level, substantial evidence, just means a reasonable person out there could so conclude. And therefore, the VA is doing, according to the A.J., nothing more than an A.J. would do in looking at the evidence. That strikes me as a potentially very troubling series of inferences. Well, two points on that, Judge Bryson. First, the VA, I think, was following congressional command in Section 714, which is supposed to create a less rigorous alternative to removals than existed under Title V, Chapter 75, for misconduct. And so, in adopting a substantial evidence test, perhaps the VA's view is that it is possibly in hard cases where the evidence may be an equipoise, rather than going with a preponderance standard. But wait, Congress, I understand that there was an intent to make it easier, but Congress specifically chose to lower the evidentiary standard at the MSPB level of review, not the agency level of review. That is true, but Congress didn't specify the level of review that the agency was required to use. But the agency has always previously, as I understand it, required a finding. And now, with a statute that, as Judge O'Malley says, did not address the agency's standard of review, the agency has decided to change that standard. Isn't that right? I think the agency previously used the preponderance standard in misconduct-type appeals, in misconduct removals under Chapter 75. I don't think the agency used that for performance-based removals under Chapter 43. But in misconduct, the agency has always used preponderance, right? Right. But here, Section 714 covers both misconduct and performance removals. And so, perhaps the agency-and I don't think we have this spelled out expressly, but it could be that the agency is reserving for itself the right to use a lower standard if a performance-based removal is issued. But are you saying, though, that Chapter 43-I understand that Chapter 43 has less review at the MSPB level, but surely if someone is found to have been underperforming, that isn't a substantial evidence review under Chapter 43 at the agency level, is it? Is there any law to that effect? I thought that also was preponderance. The only thing Chapter 43 does is to say that the MSPB's review is more restrictive than it is under Chapter 75. Under Lesiecki. Well, I don't have- Well, 4302 specifically says that the agency has to demonstrate unacceptable performance and that that's always been a preponderance standard, but the MSPB level of review is substantial evidence. Well, and this issue wasn't briefed with respect to what level of evidence is sufficient for the agency to sustain removal based on performance. I don't think 4302 specifies what the agency is required to do, and even if it has been in practice a preponderance standard, I think, again, there's very little daylight between a substantial evidence standard and a preponderance standard as far as the deciding official is concerned, because there's no other reasonable mind that the deciding official is reviewing. The deciding official, in fact, is that initial reasonable mind, and to the extent that the deciding official doesn't think that there's evidence supporting their removal, the deciding official isn't going to go out of his or her way to then say, well, I wouldn't do this, but somebody else, some other hypothetical reasonable person, would find this to be sufficient. And I think it's possible that there may be some very narrow cases where the evidence is so inconclusive that that hypothetical materializes, but I think in that case, they're reviewing- certainly the board on review in this court would have the basis in the decision of the deciding official specifying that that was indeed the case. Before you sit down, can I ask you about Carr v. Saul and what that does to your waiver argument with respect to the appointments clause? Yes, Your Honor. Carr v. Saul does not apply here because Carr v. Saul, for a number of reasons. First, it discusses administrative exhaustion. Here we have, in addition to the administrative exhaustion, a litigation-type forfeiture, too, because Mr. Rodriguez didn't really pursue his appointments clause argument at this court. Now, he sort of did with respect to the Hellman case, but his reading of Hellman is incorrect. But also, Carr v. Saul- But you did assert specifically that they waived it because they didn't raise it to the board, right? And Carr v. Saul directly addresses that question, right? It does, and Carr v. Saul is also a product of a claimant protective scheme at the Social Security Administration that doesn't apply here. Here, Mr. Rodriguez was represented by the same counsel, in fact, even at the agency level. Carr v. Saul is probably more akin to the veterans-type cases where it's supposed to be a uniquely proclaimant system. At the board level, the applicants are applying per se, and to impose an administrative waiver on them, as Carr v. Saul found to be unduly harsh, we don't have that concern here. But moreover, Mr. Rodriguez doesn't even pursue his appointments clause challenge in his opening- in his principal brief. He pursues it with respect to mitigating the penalty and sort of tries to fit it under Hellman. And we're not arguing that that part is waived. We're arguing the challenge to the- AJ's appointment under Lucia is waived because he didn't articulate that in his briefing, and therefore it forfeits the argument now on appeal. And if there are no further questions, we respectfully request that you affirm the decision. Thank you, counsel. Mr. Solomon has three minutes for rebuttal. Thank you, Your Honor. Just quickly, going back to the substantial evidence question, very quickly, starting with the removal based on performance, one of the distinctions we do make in the brief is that removal based on performance has a completely different set of pre-deprivation due process, where the employee is being supervised and evaluated over the course of several months. So it's a completely different situation than what we have here. But going into the substantial evidence standard as far as the deciding official, firstly, essentially what they're doing is by using a substantial evidence standard, they're treating the proposing official's proposal as almost an initial decision. And this is also not a hypothetical. If you look at 212 of the appendix at the actual decision, paragraph 1 of the decision, it says, I found that charges 1, 2, and 3, as stated in the notice of proposed removal, were supported by substantial evidence. That's the standard that's used in the actual decision. It's doubled down as far as counsel at the board level and their submissions. And then as far as the brief itself, which I cover on page 36, I discussed, I believe it's pronounced omnia and white, where if you have the wrong standard, if you're applying too low of a standard, it's not enough to say that, well, the deciding official probably would have still found it based on the other standard. The entire decision is tainted, and the only solution is remand. But even setting this aside, the fact that the deciding official does not have the full record, they do not have an opportunity for a hearing with cross-examination as required by Watermill. That's first available to the administrative judge. So revisiting kind of what I was discussing earlier with the appointments clause, you can have a superior officer who's sitting on the board in review of, you know, at the second level, but in review of an inferior officer's decision. So here we have the director at the VA facility who makes these determinations, and a superior officer of the United States can disagree both on the factual determination and on the level of penalty based on their preponderance of the evidence review de novo, but because they're stuck at the substantial evidence review, their handcuffs could go with what the deciding official, who did not have the full record, decided on, which creates issues, you know, the same as in Linn-Hellman, where we can't have an inferior officer or a superior officer being called into question by an inferior officer. Here we have a superior officer of the United States who can, even in disagreeing with an inferior officer, has no power to actually do anything about it because they're handcuffed by the substantial evidence standard. Thank you, Your Honor. Thank you. Both counsel, the case will be submitted.